JOHN ERICKSON v. LEHIGH VALLEY RAILROAD COMPANY.

Decided November 12, 1926.

Employers' Liability—Federal Statute—Injury to Railroad Employe—Held, Under Facts as Presented, Case was Properly Submitted to Jury—Under Federal Statute, Negligence of Fellow-Employe is Not a Bar to Plaintiff's Right to Recover From Common Employer—Under Federal Statute, Employe Does Not Assume Risks That Arise Solely Out of the Acts of Fellow-Servants.

On appeal from the Hudson Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Collins & Corbin*.

For the respondent, *Alexander Simpson*.

PER CURIAM.

This action was brought by the plaintiff to recover compensation from the Lehigh Valley Railroad Company for injuries sustained by him while engaged in its service as one of its employes. It is admitted that, if liability exists, the suit is properly brought under the Federal Employers' Liability act. The trial resulted in a verdict in favor of the plaintiff, and the defendant company has appealed from the judgment entered thereon.

The plaintiff was employed as an assistant to one Larkin to operate, at night, a crane used for coaling engines. The doing of this work necessitated the moving of the crane upon the tracks, from place to place, quite frequently. The plaintiff, while engaged in his work on the night of January 14th, 1925, left the crane for a few minutes for the purpose of getting a can of water, and there was proof that Larkin, who was then in charge of the crane, knew of this fact. On plaintiff's return, and as he was attempting to get upon the crane, Larkin suddenly moved it backward, without warning, thereby throwing the plaintiff to the ground and causing the injuries for which he sued.

The only ground upon which we are asked to reverse the judgment under review is that the trial court erroneously refused to direct a verdict for the defendant. The motion for such direction was rested upon two grounds—*first,* that there was no evidence of negligence chargeable to the defendant, or that such negligence was the proximate cause of the accident; and, *second,* that the plaintiff assumed the risk of the injury which resulted from the accident. We think the refusal to direct a verdict was proper.

Under the facts stated, it was a question for the jury to determine whether Larkin, the defendant's employe, knew of the plaintiff's leaving the crane and his purpose in doing so. If the jury so found, it would have become its duty to determine whether, having such knowledge, Larkin used due care for the plaintiff's safety in moving the crane without any warning to him, and without ascertaining whether he had returned or whether the moving of the crane would place him in jeopardy. It is argued in support of this first suggestion, advanced by the appellant, that as the crane was not equipped with a bell or a whistle, and that this fact was known to the plaintiff, Larkin was absolved from the duty of looking out for the return of the plaintiff or of using care to avoid injuring him. We are not impressed with this suggestion. The fact that the crane lacked this equipment was no justification for Larkin's moving it without warning the plaintiff of his intention to do so, if he had reason to expect that, by such act, he would put the plaintiff in jeopardy. If, upon a consideration by the jury of the questions to which we have referred, that body should have determined that the accident happened solely through the negligence of Larkin, that negligence would be chargeable to the defendant company; for, under the federal statute, the negligence of a fellow-employe is no bar to the plaintiff's right to recover against the common master.

As to the claim that the plaintiff assumed the risks: We consider this contention also to be without substance. An employe assumes the risks which are incident to the work in which he is engaged; but, under the federal statute, he does not assume risks that arise solely out of the negligent acts of fellow-servants.

Our conclusion is that the judgment under review should be affirmed.